IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH WEST, *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Case No. 2:18-cv-1061-RAH |
| BUTLER COUNTY | )             (WO) |
| BOARD OF EDUCATION, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## **ORDER**

This matter comes before the Court on the *Defendants' Joint Motion to File Summary Judgment Evidentiary Submission Under Seal Pursuant to M.D. Ala. LR 5.2* ("Motion") (Doc. 144), filed on July 30, 2020, on which the Court conducted a telephone hearing on July 31, 2020. The Motion cites M.D. Alabama Local Rule 5.2 (M.D. Ala. LR 5.2) and requests permission for the Defendants to file their *entire* summary judgment evidentiary submissions, which are due today under the Court's Order of June 19, 2020, (*see* Doc. 141), under seal because their evidentiary submissions contain certain documents that in turn contain personal identifying information of parties and nonparties. (Doc. 144.)  As the Motion reflects, the Defendants do not offer to file a redacted copy of their submissions as an open record because of the time, trouble and expense associated with redacting the thousands upon

thousands of documents[1] that they intend to file in support of their summary judgment motions.

M.D. Ala. LR 5.2 governs the outcome of the Motion.  It sets forth obligations by parties and their counsel to redact personal identifying information in documents filed with the Court.  (*See* M.D. Ala. LR 5.2.)  It permits a party to choose to file under seal either a reference list of information that is to be redacted or an unredacted copy of the submission.  (*See* M.D. Ala. LR 5.2(b).)  In either scenario, the filing party must file as an open record his or her submission in a redacted form.  The rule is drafted in this manner in order properly balance the confidentiality of personal identifying information against the need for public access to judicial records.  *See Williams v. Macon County Greyhound Park, Inc.*, No. 3:10–CV–191–WKW, 2012 WL 3827800 (M.D. Ala. Sept. 4, 2012) (denying the plaintiffs' request for permission to seal their entire evidentiary submission because courts have an obligation to protect the public's right to access judicial records).  The rule does not, as the Defendants request, allow a party to file an evidentiary submission under seal without also filing a redacted version.  Indeed, public access goals counter against it.

Accordingly, the Defendants' Motion is GRANTED in part and DENIED in part as follows:

---

[1] During the hearing, the Defendants stated that their evidentiary submissions will include over 10,000 pages of documents including copies of the entire transcripts of the depositions taken in this case.  When asked by the Court whether the forthcoming submissions are actually limited to those documents necessary to support their summary judgment motions (instead of a voluminous document dump that the Court must later sift through), the Defendants gave very little assurances that they had undertaken the efforts to specifically tailor their submissions.

(1)     The Defendants' Motion, (Doc. 144), is GRANTED to the extent the Defendants seek leave of court to file their evidentiary submissions under seal. To enable meeting today's deadline for filing dispositive motions, and in light of COVID-19 related restrictions on courthouse access for paper submissions, and considering the volume of documents to be filed, defense counsel shall electronically file an unredacted version of their sealed submission with the clerk's office. The clerk shall immediately restrict access to the sealed documents after they are filed to facilitate the Court's order granting the motion for leave to file under seal. Counsel then shall contact the clerk's office by telephone in order to facilitate the immediate sealing of each submission.

(2)     The Defendants' Motion, (Doc. 144), is DENIED to the extent the Defendants seek to be excused from their obligations under M.D. Ala. LR 5.2 from filing a redacted copy of their evidentiary submissions.

(3)     While M.D. Ala. LR 5.2 requires the Defendants to *simultaneously* file a redacted copy with their summary judgment motions, briefs, and evidentiary submissions, the Defendants are relieved of that obligation. Instead, a properly redacted copy of these sealed documents shall be submitted to the clerk's office, along with a certificate of compliance with the Court's order, on or by **August 17, 2020**.

(4)     **The parties are also ordered to provide the Court with a courtesy copy of their file-stamped summary judgment filings (unredacted), including evidentiary submissions, in appropriately marked 3-ring binders. This includes any responsive filings by the Plaintiffs.**

DONE, this the 31st day of July, 2020.

                                        /s/ R. Austin Huffaker, Jr.
                              R. AUSTIN HUFFAKER, JR.
                              UNITED STATES DISTRICT JUDGE